IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 614-020 |
| | * | |
| CHRYSTAL HARLIE | * | |

**O R D E R**

On November 21, 2016, Defendant Chrystal Harlie filed a motion to reduce sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 794 to the United States Sentencing Guidelines, which sets out new guidelines for the determination of whether a defendant should be granted a mitigating role reduction under U.S.S.G. § 3B1.2.

Defendant was sentenced prior to the effective date of Amendment 794. Even assuming Defendant is correct, i.e., that her conduct would qualify her for a "minor role" reduction, a court may not modify a sentence once it has been imposed except under limited circumstances. 18 U.S.C. § 3582(c). And, while one of the exceptions provides that a sentence may be reduced if it is based on a lowered guideline range, § 3582(c)(2) is only triggered by an amendment listed in U.S.S.G. § 1B1.10(d). ("In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . is warranted, . . . the court shall substitute **only** the amendments listed in subsection (d) . . . and shall leave all other guideline

application decisions unaffected" (emphasis added).). Amendment 794 is not a listed amendment in U.S.S.G. § 1B1.10(d).[1] Consequently, Amendment 794 would not be available to Defendant.[2]

Upon the foregoing, Defendant's motion to reduce sentence (doc. 31) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this _____9th_____ day of January, 2017.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Indeed, the Sentencing Commission stated that Amendment 794 is intended only as a clarifying amendment. U.S.S.G. App. C, Amend. 794 (Reason for Amend.) ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies.").

[2] The case cited by Defendant out of the Ninth Circuit, United States v. Quintero-Leyva, 823 F.3d 519, 522 (9th Cir. 2016), is inapplicable because it held that Amendment 794 may be applied retroactively to **direct appeals**. There is no authority that Amendment 794 may be applied in a post-conviction context.

2